## PROTECTION TO CITY IN PAYING ALIMONY TO WIFE OF A POLICEMAN.

Circuit Court of Cuyahoga County.

FREDERICK J. LAMBERT v. THE CITY OF CLEVELAND.

Decided, December 4, 1911.

*Alimony—Divorce—Erroneous Order Refusing to Modify Alimony After Divorce—Protection to Party Owing Husband Who is Ordered to pay Wife.*

A wife brought an action in Cuyahoga county against her husband, who was a police pensioner of the city of Cleveland, for alimony and was allowed alimony in the sum of $25 per month which was ordered paid to her by the city, which was a party to the case, out of the husband's pension. Subsequently the husband brought an action for divorce in another county against his wife and was awarded it on her aggression. Thereafter he filed a motion in the Cuyahoga county court for modification of its alimony order, setting up the divorce decree as a reason why he should pay no more alimony; this motion was overruled and with knowledge of the divorce, the city continued to pay the wife as previously ordered. Thereafter the Cuyahoga county court granted another motion to modify the alimony order and stopped payments of alimony to the wife. In an action by the husband against the city to recover the money paid by it to the wife after it knew of his divorce from her; *Held:* The order in the alimony case was full protection to it notwithstanding the order refusing to modify the alimony awarded after divorce, was erroneous.

*Wing, Myler & Turney,* for plaintiff in error.
*Newton D. Baker,* contra.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Lambert sued the city of Cleveland to recover half of his police pension which the city, under an order of court, had paid to his former wife instead of to him. He failed in his action, and now seeks a review of the judgment against him.

It seems that in 1897, Eliza Lambert, who was then the wife of plaintiff, brought an action for alimony against him in the Court of Common Pleas of Cuyahoga County, making the city a party defendant thereto, and representing that her husband was entitled to a payment of $50 per month from the police pension fund of the city. Such proceedings were had in the case that the wife was allowed alimony in the sum of $25 per month, and an order was made against the defendant city directing it to pay said amount monthly to the wife. With this order it complied.

Subsequently the husband moved to Geauga county and there sued his wife for divorce. Such proceedings were there had that in 1902 he was granted a divorce from his wife on her aggression, without allowance of alimony.

Immediately upon the granting of the divorce, he did file a motion in his wife's alimony case in Cuyahoga county, asking for modification thereof on the ground that the divorce had relieved him from further obligation to support her. This motion was overruled, and his attorney, Judge Penewell, notified the city of that fact and authorized it to continue its monthly payments of $25 to the divorced wife, which it continued to make to her.

In July, 1909, plaintiff filed his second motion in the alimony case in Cuyahoga county, for a modification of the order therein, and in October of that year, the common pleas court vacated its former order and directed the city to discontinue its payments to the former wife. This order, on error to the circuit court, was affirmed, whereupon the city ceased to make further payments to the wife.

Thereupon plaintiff brought this action against the city to re-cover from it payments made to the wife prior to the modification of the alimony decree in 1909.  He claims that the judgment for alimony in Cuyahoga county became void upon the rendition of the divorce judgment in Geauga county; that the city had notice of the divorce and should, therefore, have ceased to make further payments to the wife, notwithstanding the court refused to grant the motion to modify the judgment.

We find no ground for this claim.

The refusal in 1902 to modify the alimony judgment may have been erroneous, but the judgment did not become automatically void, upon the rendition of the divorce.

Up to the date of the divorce the judgment for alimony was valid, for the court awarding it had jurisdiction of the parties and of the subject-matter.

Judgments are set aside only in the manner pointed out by law; and an alimony judgment may be set aside on motion addressed to the proper court; until the court acts, the original judgment is binding.

The city is protected in the payments it made to the former wife, by the order of the court requiring it to make said payments.

Judgment affirmed.